UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-99-BR

| | |
|---|---|
| THEODORE JUSTICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DR. TIMOTHY FARLEY, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on plaintiff's 25 August 2011 motion to file documents electronically via the CM/ECF system or by email and for appointment of counsel. (DE # 27.) Defendant did not file a response to the motion.

Plaintiff argues that he should be allowed to file documents using the CM/ECF system because "[t]he Defendant has an unfair advantage of filing documents that come to the attention of the Court several days before the Plaintiff views it." (Pl.'s Mot., DE # 27, at 2.) Although the Eastern District of North Carolina is an electronic management/filing district, parties proceeding *pro se* are required to file and serve paper documents. See Eastern District of North Carolina Electronic Case Filing Administrative Policies and Procedures Manual § R(1) (rev. Jan. 25, 2010).[1] As a result, plaintiff's motion to file documents electronically via the CM/ECF system or by email is DENIED.

Plaintiff also asks this court to appoint him counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se*

---

[1] In order to become a registered user of the CM/ECF system, it is necessary to be an attorney admitted to the bar of this court. See, e.g., Eastern District of North Carolina Electronic Case Filing Administrative Policies and Procedures Manual §§ A(1), C(1) (rev. Jan. 25, 2010).

civil litigants "only in exceptional" circumstances. Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); see Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds, Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individual[] bringing it." Whisenant, 739 F.2d at 163 (citation and internal quotation marks omitted). The facts of this case and plaintiff's abilities do not present exceptional circumstances. Therefore, plaintiff's motion for appointment of counsel is DENIED.

This 25 October 2011.

_____
W. Earl Britt
Senior U.S. District Judge