UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-99-BR

THEODORE JUSTICE,                    )
                                     )
                Plaintiff,           )
                                     )
        v.                           )          ORDER
                                     )
DR. TIMOTHY FARLEY,                  )
                                     )
                Defendant.           )

This matter is before the court on Dr. Timothy Farley's ("defendant") 19 August 2011 motion to dismiss the complaint. Also before the court is defendant's 8 September 2011 motion to dismiss the amended complaint. The motions are ripe for disposition.

## I. BACKGROUND

*Pro se* plaintiff Theodore Justice ("plaintiff") is the parent of a student who is enrolled in the Granville County public school system. Plaintiff's son has been identified as a student with a disability and has been provided with special education and related services. (See, e.g., Compl. Ex. E, DE # 13-5; Pl.'s Resp. Mot. Dismiss, DE # 26, at 2 ¶ 2.) Defendant is superintendent of the Granville County Public Schools.

Plaintiff alleges that on 4 November 2010, his son was released from school early without plaintiff's knowledge. (Compl., DE # 13, ¶ 2.) Because plaintiff was not aware of the early dismissal, his son was forced to wait at a neighbor's house about an hour away. (Id.) Plaintiff asked defendant, the school principal, teachers, and school board members why he had not been notified of the early release day, but his letters received no response. (Id. ¶¶ 3-4.) On 9 November 2010, plaintiff said he would ask the county sheriff to address the problem. (Id. ¶ 4 &

Ex. D, DE # 13-4.)

Additionally, on 8 November 2010, plaintiff went to visit his son at school at approximately 3:15 p.m. (Compl., Ex. E, DE # 13-5, at 1.) The school principal told plaintiff that he could not visit the classroom while his son was being tutored. (Id.) Plaintiff was also told that if he proceeded to try to see his son, he would be banned from campus. (Id.) The principal then left the school. (Id. at 2.) After a school employee offered to take another parent to see her children, plaintiff went to his son's classroom and spoke to the tutor. (Id.)

By letter dated 9 November 2010, school attorney James Cross notified plaintiff that he could not enter the school campus without written permission from defendant or his authorized agent. (Compl., DE # 13, ¶ 6 & Ex. F, DE # 13-6.) The letter states that plaintiff's conduct had become disruptive in the classroom, and it specifically mentions plaintiff's failure to follow the school principal's 8 November 2010 directive that he not go to his son's classroom. (Compl., Ex. F, DE # 13-6, at 1.) The letter also notified plaintiff that school personnel would not respond to his emails, and plaintiff was prohibited from calling or talking to school staff. (Id.) Plaintiff was given the telephone number for defendant's office and was told that he could set up an appointment to see defendant if he had concerns about his son or the school. (Id. at 2.)

Plaintiff asked defendant what he could do to appeal the decision. (Compl., DE # 13, ¶ 9.) Defendant told plaintiff to look online for information regarding the procedures for appeal. (Id. ¶ 10.) When plaintiff was unable to find the procedures, defendant said that he would provide plaintiff with a copy. (Id. ¶ 11.) However, plaintiff alleges that he had to turn to other people and organizations for instructions on how to file an appeal. (Id. ¶¶ 8, 12-13.)

On 28 February 2011, plaintiff commenced this action by filing a motion to proceed *in*

*forma pauperis*, and he attached his complaint to the motion. (See DE # 1.) Proceeding under

42 U.S.C. § 1983, plaintiff contends that defendant violated his rights under the First and

Fourteenth Amendments to the Constitution of the United States. Plaintiff seeks injunctive,

declaratory and monetary relief, including the placement of his son at a school not under the

direct control of defendant, $300,000 in damages, and $10,000 in punitive damages for each day

that he was banned from the school. (Compl., DE # 13, at 8-9.)

Defendant filed a motion to dismiss plaintiff's complaint on 19 August 2011. (DE # 23.)

Plaintiff filed a response to the motion to dismiss on 25 August 2011. (DE # 26.) Within the

body of his response to the motion to dismiss, plaintiff sets forth an "amended complaint." (Id.

at 3-4.) Defendant filed a motion to dismiss the amended complaint on 8 September 2011 (DE #

29), and plaintiff filed a response on 15 September 2011 (DE # 32).

## II. DISCUSSION

A.    <u>Substantiality of Plaintiff's Claims</u>

Defendant first argues that the complaint should be dismissed because the court lacks

subject matter jurisdiction to consider insubstantial federal claims. "[A] federal court is obliged

to dismiss a case whenever it appears the court lacks subject matter jurisdiction." <u>Lovern v.

Edwards</u>, 190 F.3d 648, 654 (4th Cir. 1999). "Indeed, the absence of jurisdiction may be raised

at any time during the case, and may be based on the court's review of the evidence." <u>Id.</u>; <u>see

also</u> <u>Evans v. B.F. Perkins Co.</u>, 166 F.3d 642, 647 (4th Cir. 1999).

Plaintiff, as the party asserting that this court has subject matter jurisdiction, must prove

that subject matter jurisdiction exists. <u>See</u>, <u>e.g.</u>, <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S.

83, 104 (1998); <u>Lovern</u>, 190 F.3d at 654; <u>Evans</u>, 166 F.3d at 647. The mere assertion of a

3

federal claim is not sufficient to obtain jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3). See Davis v. Pak, 856 F.2d 648, 650 & n.2 (4th Cir. 1988). Rather, "[f]ederal jurisdiction requires that a party assert a substantial federal claim." Id. at 650 (citing Hagans v. Lavine, 415 U.S. 528, 536 (1974)). Where a claim is obviously without merit, a federal district court is precluded from exercising its jurisdiction. Id. at 650-51 & n.3. A court may conclude that subject matter jurisdiction is lacking by finding insufficient allegations in the pleadings upon viewing the alleged facts in the light most favorable to the plaintiff, similar to an evaluation pursuant to Federal Rule of Civil Procedure 12(b)(6). Lovern, 190 F.3d at 654.

Plaintiff first alleges that defendant violated his right to due process under the Fourteenth Amendment of the United States Constitution by banning him from the school campus, by failing to provide him with a hearing or some type of notice prior to the implementation of the ban, and by failing to provide him with information on how to obtain further review of defendant's decision to prohibit him from entering school property. (Compl., DE # 13, at 3 (Preliminary Statement) & ¶¶ 17, 19.) In determining whether a plaintiff has stated a procedural due process claim, two separate inquiries must be undertaken. First, the court must determine whether the plaintiff was deprived of a life, liberty, or property interest. Willis v. Town of Marshall, 426 F.3d 251, 266 (4th Cir. 2005); Mallette v. Arlington Cnty. Emps.' Supplemental Ret. Sys. II, 91 F.3d 630, 634 (4th Cir. 1996). If so, then the court must further consider whether the plaintiff received "the minimum measure of procedural protection warranted under the circumstances." Mallette, 91 F.3d at 634.

The court notes that similar due process claims were previously raised and rejected in another case filed by plaintiff in this district. See Theodore Justice v. Granville Cnty. Bd. of

4

<u>Educ.</u>, 5:10-CV-525-BR, 7/1/11 Order, DE # 7, at 3-5. While parents have a general constitutional right to direct their children's education without unreasonable interference by the states, <u>Meyer v. Nebraska</u>, 262 U.S. 390, 400 (1923), this right is limited in scope and does not include the unfettered right to access school premises. Many courts have held that parents do not have a constitutional right to be on school premises. <u>See</u>, <u>e.g.</u>, <u>Cole v. Montague Bd. of Educ.</u>, 145 Fed. Appx. 760, 762-63 (3d Cir. 2005); <u>Lovern</u>, 190 F.3d at 655-56 (affirming dismissal of non-custodial parent's frivolous claim that prohibiting him from entering school property violated his due process rights); <u>Porter v. Duval Cnty. Sch. Bd.</u>, No. 3:09-CV-285-J-32MCR, 2010 WL 1252177, at *7 (M.D. Fla. Mar. 26), <u>aff'd</u>, 406 Fed. Appx. 460, 462 (11th Cir. 2010); <u>Mayberry v. Indep. Sch. Dist. No. 1.</u>, No. 08-CV-416-GKF-PJC, 2008 WL 5070703, at *4-5 (N.D. Okla. Nov. 21, 2008); <u>Cunningham v. Lenape Reg'l High Dist. Bd. of Educ.</u>, 492 F. Supp. 2d 439, 448 (D.N.J. 2007); <u>Mitchell v. Beaumont Indep. Sch. Dist.</u>, No. 1:05-CV-195, 2006 WL 2092585, at *10 (E.D. Tex. July 25, 2006); <u>Mejia v. Holt Pub. Schs.</u>, No. 5:01-CV-116, 2002 WL 1492205, at *6 (W.D. Mich. Mar. 12, 2002). Therefore, the court concludes that plaintiff was not deprived of a life, liberty, or property interest when he was banned from the school campus. As a result, defendant was not required to provide notice or a hearing before banning plaintiff from entering school property, nor was defendant required to provide plaintiff with information on how to appeal or obtain further review of the ban.[1] <u>See</u>, <u>e.g.</u>, <u>Miller v. Montgomery Cnty. R-II Sch. Dist.</u>, 2:10-CV-78-DDN, 2011 WL 1299536, at *3 (E.D. Mo. Apr.

---

[1] Although defendant had no constitutional duty to provide plaintiff with information on how to obtain further review of the ban, the court notes that plaintiff did in fact receive information on the appeal process from Associate Superintendent A. Allan Jordan. (See Compl., Ex. H, DE # 13-8.) Furthermore, plaintiff had an appeal hearing on 23 February 2011, and the Granville County Board of Education issued a written decision on the matter on 4 March 2011. (See Pl.'s Resp. Mot. Dismiss, Ex. 4, DE # 26-4.)

1, 2011); <u>Cwik v. Dillon</u>, No. 1:09-CV-00669, 2011 WL 379039, at *1-2 (S.D. Ohio Feb. 2, 2011); <u>Mejia</u>, 2002 WL 1492205, at *7 (procedural due process does not require a school district to provide parents with notice and a hearing before denying them access to school property).

Plaintiff also alleges that defendant violated his right to due process by failing to respond to "concerns of Toney Coghill being present [around] my son, and not doing what he should do[;] also the school now allowing my son to continuously be in situations with female students he has issues with and other situations that would cause him to be suspended or expelled." (Compl., DE # 13, ¶ 24; <u>see</u> <u>also</u> <u>id.</u> ¶ 20.) These claims lack sufficient factual support to allow defendant to formulate a response. Plaintiff does not identify who Toney Coghill is, nor does he identify any specific factual situations that would cause his son to be suspended or expelled. Although the court is mindful of its duty to construe *pro se* pleadings liberally, <u>see</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), plaintiff's vague allegations are insufficient to withstand the motion to dismiss. Thus, plaintiff has failed to demonstrate a substantial abridgement of his right to due process, and the court may not exercise jurisdiction over his due process claims.[2]

Next, plaintiff contends that his First Amendment right to freedom of speech was violated when he was prohibited from contacting personnel at his son's school. (Compl., DE # 13, ¶ 21.) As with plaintiff's procedural due process claims, this claim was previously

---

[2] In addition, plaintiff maintains that his right to due process was violated because the issues he raised in appealing the bans that were placed on him were allegedly ruled on in a separate proceeding without plaintiff's knowledge. (Compl., DE # 13, ¶¶ 15-16.) In support of this argument, plaintiff has submitted a document signed by defendant on 14 January 2011. (Compl., Ex. B, DE # 13-2.) Plaintiff contends that the document shows that "the same issues I am complaining of had been fully decided by the Granville County Board of Education." (Compl., DE # 13, ¶ 15.) However, it is evident from a review of the document that it is simply a narrative that was written in response to a complaint that plaintiff had filed with the U.S. Department of Education's Office for Civil Rights. The document provides an explanation for the actions that defendant took with respect to plaintiff, but it does not purport to fully resolve the issues presented by plaintiff. As a result, plaintiff's claims with respect to this issue are without merit.

considered and rejected by the court in plaintiff's related case.  See Theodore Justice v. Granville

Cnty. Bd. of Educ., 5:10-CV-525-BR, 7/1/11 Order, DE # 7, at 5-7.  The First Amendment

provides that "Congress shall make no law . . . abridging the freedom of speech . . . ."  U.S.

Const. amend. I.  Freedom of speech is a significant constitutional right.  However, "[t]he right

to communicate is not limitless[,]" and does not grant unlimited access to government officials.

Lovern, 190 F.3d at 656; see also Cunningham, 492 F. Supp. 2d at 448.

 In this case, the letter plaintiff received from the school's attorney indicates only that

school personnel would not respond to any attempts by plaintiff to communicate by email and

that defendant did not want plaintiff to call or talk to the staff at his son's elementary school.

(Compl., Ex. F, DE # 13-6, at 1.)  Nothing in the letter indicates a closure of other avenues of

expression, such as regular mail.  In fact, the letter specifically provides that plaintiff may call

defendant's office to set up an appointment to see defendant if he has any concerns about his son

or about the Granville County Schools.  (Id. at 2.)  Thus, plaintiff has not alleged a set of facts

that would constitute a substantial violation of his affirmative right to free speech.[3]

 However, "'[t]he First Amendment right of free speech includes not only the affirmative

right to speak, but also the right to be free from retaliation by a public official for the exercise of

that right.'"  Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 499 (4th

Cir. 2005) (quoting Suarez Corp. Indus. v. McGraw, 202 F.3d 676, 685 (4th Cir. 2000)).[4]  Here,

---

[3] Plaintiff also alleges that his right to due process was violated because he was not "afforded certain
procedures" prior to the limitation of his communications with school personnel.  (Compl., DE # 13, ¶ 18; see also
id. ¶¶ 17, 21.)  However, because plaintiff was not deprived of a life, liberty, or property interest when he was
prohibited from engaging in certain forms of communication with school personnel, defendant was not required to
provide notice or a hearing before imposing the limitations.  See Mallette, 91 F.3d at 634.

[4] A plaintiff seeking to recover for First Amendment retaliation must allege that (1) he engaged in protected
(continued...)

7

plaintiff brings a First Amendment retaliation claim that was not previously raised in Theodore

Justice v. Granville County Board of Education, 5:10-CV-525-BR.  Plaintiff explicitly alleges in

his current complaint that defendant retaliated against him for exercising his right to free speech,

(see Compl., DE # 13, at 3 (Preliminary Statement) & ¶ 22), and he further emphasizes his

retaliation claim in his response to the motion to dismiss (see Pl.'s Resp. Mot. Dismiss, DE # 26,

¶¶ 2 ("This complaint involves and clearly alleges retaliatory conduct on the part of the

Defendant[]."), 3, 8.)  In his response, plaintiff specifically asserts that defendant retaliated

against him for engaging in a protected activity related to the Individuals with Disabilities

Education Act, 20 U.S.C. § 1401 et seq.  (Id. ¶ 8; see also id., Ex. 1, DE # 26-1.)  Despite the

clear assertion of this claim, defendant fails to mention retaliation at all in his memorandum in

support of his motion to dismiss or in his reply brief.  Because defendant has not made any

substantive arguments regarding the First Amendment retaliation claim, defendant's motion to

dismiss will be denied with respect to this issue.

B.       Qualified Immunity

          Defendant further argues that he is entitled to qualified immunity.  Government officials

sued in their individual capacities[5] are entitled to qualified immunity from liability for civil

damages so long as "their conduct does not violate clearly established statutory or constitutional

---

[4](...continued)
First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights,
and (3) there was a causal relationship between his protected activity and the defendant's conduct.  Constantine, 411
F.3d at 499.

          [5] Here, defendant argues that "[t]he factual allegations in the Complaint, the relief sought, and plaintiff's
separate action against the Granville County Board of Education all raise the possibility" that "[p]laintiff's action
arguably is against Dr. Farley in his individual capacity only."  (Def.'s Mem. Supp. Mot. Dismiss, DE # 24, at 5-6.)
However, plaintiff makes clear in his response to the motion to dismiss that defendant is being sued both "in his
individual and official capacity."  (Pl.'s Resp. Mot. Dismiss, DE # 26, at 2 ¶ 7.)

rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see also Brandon v. Holt, 469 U.S. 464, 472–73 (1985). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986).

Although defendant asserts qualified immunity, his argument is based on the mistaken notion that the court would find that plaintiff has failed to state a constitutional violation. However, for the reasons explained above, the court is allowing plaintiff's First Amendment retaliation claim to proceed. Because defendant offers no further analysis on the issue of qualified immunity, the court will not determine at this time whether qualified immunity applies. Defendant may raise the issue again at the summary judgment stage of the litigation.

C.      Motion to Dismiss Amended Complaint

Within the body of his response to defendant's motion to dismiss, plaintiff sets forth an "amended complaint." (Pl.'s Resp. Mot. Dismiss, DE # 26, at 3-4.) In the amended complaint, plaintiff attempts to add eight additional defendants to this action. The amended complaint was not docketed, and the newly named defendants have not been served with the complaint. Defendant filed a motion to dismiss the amended complaint on 8 September 2011. (DE # 29.)

The eight individuals that plaintiff is attempting to add to this action include the North Carolina State Superintendent of Education, three members of the Granville County School Board, the Granville County Exceptional Education Director, the principal of the school that plaintiff's son attends, a teacher at the school, and the school receptionist. (Pl.'s Resp. Mot. Dismiss, DE # 26, at 3-4 ¶¶ 10-17.) The only allegations that plaintiff makes with respect to these individuals are that they contributed to the violations of plaintiff's rights or knew that

plaintiff's rights were being violated but did nothing to intervene. (Id. at 4 ¶¶ 18-20.)

In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). Although plausibility does not entail probability, the facts in the complaint must establish more than the mere possibility that a defendant acted unlawfully. Id.

Here, plaintiff's amended complaint fails to allege facts that support legal claims against any of the eight additional defendants. Neither the amended complaint nor any of plaintiff's other pleadings or attached documents demonstrate that any of these individuals played a significant role in banning plaintiff from the school campus or in prohibiting him from engaging in certain forms of communication with school personnel. Rather, plaintiff's pleadings indicate that it was defendant who imposed the bans, which were communicated by letter from counsel for the school district. Furthermore, plaintiff's assertion that the additional defendants knew of the bans and should have intervened to prevent them fails to establish a colorable claim against any of these individuals. Overall, plaintiff simply does not meet the basic pleading requirements with respect to the claims against the additional defendants and thereby fails to "nudge[] [his] claims across the line from conceivable to plausible . . . ." Twombly, 550 U.S. at 570. As a result, the amended complaint will be dismissed.

10

### III.  CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the complaint (DE # 23) is

GRANTED IN PART and DENIED IN PART.  The only claim remaining in this case is

plaintiff's First Amendment retaliation claim.  Defendant's motion to dismiss the amended

complaint (DE # 29) is GRANTED.  Furthermore, defendant must now respond to plaintiff's

motion for summary judgment within 10 days of the date of this order.  (See 10/25/11 Order, DE

# 38.)

This 11 January 2012.


_____
                    W. Earl Britt
                    Senior U.S. District Judge