UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-539-BR

| | |
|---|---|
| THEODORE JUSTICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GRANVILLE COUNTY BOARD | ) |
| OF EDUCATION, | ) |
| | ) |
| Defendant. | ) |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-99-BR

| | |
|---|---|
| THEODORE JUSTICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DR. TIMOTHY FARLEY, | ) |
| | ) |
| Defendant. | ) |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-400-BR

| | |
|---|---|
| THEODORE JUSTICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DR. TIMOTHY FARLEY, MARY | ) |
| WATSON, AUGUSTUS B. ELKINS, | ) |
| and DONALD W. STEPHENS, | ) |

|                              | )              |
|------------------------------|----------------|
| Defendants.                  | )              |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-706-BR

| THEODORE JUSTICE,        | ) |
|                          | ) |
| Plaintiff,               | ) |
|                          | ) |
| v.                       | ) |
|                          | ) |
| DR. TIMOTHY FARLEY, *et al.*, | ) |
|                          | ) |
| Defendants.              | ) |

**ORDER**

This matter is before the court on motions to dismiss that were initially filed by all of the defendants in the above-captioned cases on 13 April 2012.[1] Plaintiff has filed multiple responses to each of the motions, and defendants have replied. The motions are ripe for disposition.

**I. BACKGROUND**

Plaintiff Theodore Justice ("plaintiff"), who is proceeding *pro se*, has initiated four separate actions against various defendants associated with the Granville County Schools and the State of North Carolina. In each case, plaintiff completed an application to proceed *in forma pauperis* ("IFP"). (See No. 5:10-CV-539-BR, DE # 1; No. 5:11-CV-99-BR, DE # 4; No. 5:11-CV-400-BR, DE # 1; No. 5:11-CV-706-BR, DE # 1.) Filing dates for the four applications were 29 November 2010, 16 March 2011, 1 August 2011, and 2 December 2011. All four of the

---

[1] In case number 5:11-CV-400-BR, an amended motion to dismiss was filed on 16 April 2012, and in case number 5:10-CV-539-BR, a corrected motion to dismiss was filed on 20 April 2012.

2

IFP applications were granted.

On three of the applications, plaintiff listed his total monthly income as $1017.00, while one of the applications indicated that plaintiff had no monthly income at the time he made the filing. Plaintiff listed his total monthly expenses as $1011.00 on three of the applications, while the fourth application listed his expenses as $911.00.[2] In addition, plaintiff stated that he had a checking account at Suntrust bank, which contained varying sums at the time the IFP applications were filed.[3]

Section 5 of the IFP application is entitled "Assets owned by your or your spouse." This section requires litigants to list any assets that they own and state their value. Plaintiff did not list any property in this section of his IFP forms. On all of the IFP applications, plaintiff entered "$0.00" for the categories "Home" and "Other real estate." On three of the applications, he also entered "$0.00" for the category "Motor vehicle." On one application, plaintiff made no entry for the category "Motor vehicle."

Plaintiff also signed an affidavit at the top of each IFP application, which contained the following statement: "I declare under penalty of perjury that the information below is true and understand that a false statement may result in a dismissal of my claims." He further stated that he expected no major changes to his monthly income, expenses, assets, or liabilities during the next twelve months.

---

[2] The court suspects that plaintiff committed a scrivener's error on this form and that the total expenses were intended to be listed as $1011.00. (See No. 5-11-CV-400-BR, DE # 1, at 4, Utilities Entry.)

[3] Specifically, the Suntrust checking account contained $28.01 when plaintiff filed his IFP application in case number 5:10-CV-539-BR; $258.85 when he filed the IFP application in case number 5:11-CV-99-BR; $700.00 when he filed the IFP application in case number 5:11-CV-400-BR; and $48.90 when he filed the IFP application in case number 5:11-CV-706-BR.

Defendants have now moved to dismiss all four of plaintiff's cases on the basis of untruthful statements, arguing that plaintiff failed to disclose a substantial number of assets and possibly other sources of income on his IFP applications. First, defendants have submitted property records from the Register of Deeds Office in Granville County, North Carolina, which show that plaintiff owns a .99-acre lot and mobile home in Oxford, North Carolina. (See No. 5:10-CV-539-BR, Mot. Dismiss, Ex. B, DE # 64-2, & Ex. H, DE # 64-8.)[4] The lot and mobile home have a total value of $113,500.00. (Id., Ex. H, DE # 64-8.) The lot was encumbered with a purchase money deed of trust dated 12 March 2010 in the amount of $21,500.00, but the deed of trust was cancelled and marked "SATISFIED" in March 2011, suggesting that the $21,500.00 was repaid during a period of approximately one year. (Id., Ex. G, DE # 64-7.) Furthermore, defendants have submitted records from the North Carolina Department of Motor Vehicles which show that plaintiff also owns a 1995 Chevrolet Caprice 4S, a 2002 GMC Sierra TK, a 2005 Cadillac Deville 4S, and a 2010 Carry On brand trailer. (Id., Exs. C-F, DE ## 64-3 through 64-6.) Plaintiff did not disclose any of this information on his IFP applications.

## II. DISCUSSION

Federal courts may allow a litigant to prosecute a civil action without paying the usual required fees if the individual submits an affidavit containing a statement of his or her assets and demonstrating that he or she cannot afford to pay the required fees. 28 U.S.C. § 1915(a)(1). The IFP statute is intended to ensure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation.

---

[4] From this point forward, for the sake of convenience, the court will refer only to the docket entries associated with case number 5:10-CV-539-BR when discussing the documentation relating to the motions to dismiss. The exact same documentation has been filed in all three of the other cases.

Flint v. Haynes, 651 F.2d 970, 972 (4th Cir. 1981). An impoverished plaintiff does not have to prove that he or she is "absolutely destitute to enjoy the benefit of the statute." Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 339 (1948). Rather, an affidavit to proceed IFP is sufficient if it states that one cannot, because of his or her poverty, afford to pay for costs of litigation and still provide for the necessities of life. Id.

However, if a court determines at any time that the allegation of poverty made in an IFP application is "untrue," then the court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(A) (emphasis added). Thus, dismissal is mandatory if the court concludes that an applicant's allegation of poverty is untrue. Castillo v. Blanco, 330 F. App'x 463, 466 (5th Cir. 2009) (unpublished); In re Sekendur, 144 F. App'x 553, 554-55 (7th Cir. 2005) (unpublished); Thomas v. Gen. Motors Acceptance Corp., 288 F.3d 305, 306 (7th Cir. 2002); Mathis v. N.Y. Life Ins. Co., 133 F.3d 546, 547 (7th Cir. 1998); Staten v. Tekelec, Nos. 5:09-CV-434-FL, 5:10-CV-180-FL, 2011 WL 2358221, at *1 (E.D.N.C. June 9, 2011); Berry v. Locke, No. 1:08cv697 (JCC), 2009 WL 1587315, at *5 (E.D. Va. June 5, 2009), appeal dismissed, 357 F. App'x 513 (4th Cir. 2009) (unpublished); Oquendo v. Geren, 594 F. Supp. 2d 9, 11 (D.D.C. 2009).[5]

Here, defendants argue that plaintiff's cases should be dismissed because his IFP applications contained various omissions, thereby making his allegations of poverty untrue. As

---

[5] Prior to the statutory amendments made to 28 U.S.C. § 1915 in 1996 in the Prison Litigation Reform Act, the court had discretion to dismiss a case if it determined that an allegation of poverty was untrue. See, e.g., Denton v. Hernandez, 504 U.S. 25, 27 (1992); Berry, 2009 WL 1587315, at *5 n.5. The 1996 amendment changed the words "may dismiss" to "shall dismiss."

The court recognizes that despite the apparently mandatory language of the current IFP statute, other courts have held that the issue of whether an action should be dismissed in the face of an untrue allegation of poverty is still addressed to the discretion of the district court. See, e.g., Hobbs v. Cnty. of Westchester, No. 00 Civ. 8170 (JSM), 2002 WL 868269, at *1-2 (S.D.N.Y. May 3, 2002) and cases cited. However, mandatory dismissal in such a situation appears to be the majority view, and district courts within the Fourth Circuit have embraced this view. See Staten, 2011 WL 2358221, at *1; Berry, 2009 WL 1587315, at *5.

5

previously mentioned, plaintiff filed multiple responses to all of defendants' motions to dismiss. Despite the plethora of pleadings that plaintiff has submitted to the court, he fails to address the omissions raised by the defendants in any meaningful or compelling way. He does not deny that he owns the real and personal property identified by defendants in their motions to dismiss. Furthermore, he does not deny that his land and mobile home have a total value of $113,500.00. Nor does he deny that he fully satisfied a $21,500.00 purchase money deed of trust in the span of approximately one year, during which time two of the lawsuits in question were filed. Rather than dispute the facts relating to the financial information omitted from the IFP forms, plaintiff presents a myriad of excuses as to why he did not fill out the IFP applications correctly.

First, plaintiff maintains that he was under extreme duress due to the violations of the defendants, that he suffers from extreme fatigue, that he did not understand the IFP application, and that he has a limited education. (See, e.g., No. 5:10-CV-539-BR, Pl.'s Supp. Resp. Mot. Dismiss, DE # 66, ¶¶ 7, 13.) However, inaccuracy based on ignorance or mental stress is not excusable in formal, sworn court filings which explicitly warn of the potentially serious consequences of the false statement. See Bell v. Dobbs Int'l Serv., 6 F. Supp. 2d 863, 865 (E.D. Mo. 1998). "This is particularly so where the omitted information is of such significant magnitude." Id.

In addition, plaintiff's contention that he was unable to understand the IFP application is belied by the explicit language of the form, the most important examples being the form's express inquiry concerning ownership of real estate and motor vehicles. See id.; Mullins v. Hallmark Data Sys., LLC, 511 F. Supp. 2d 928, 942 (N.D. Ill. 2007) ("The IFP form[] clearly and unambiguously asks questions in plain English on a form designed for use by

6

non-lawyers."). Plaintiff's contention is further belied by the fact that he has repeatedly demonstrated his ability to navigate the federal court system. He has conducted legal research, submitted numerous pleadings, and filed an appeal with the Fourth Circuit Court of Appeals. As a result, he cannot credibly claim that he was unable to understand the language of the IFP form.

Plaintiff also argues that defendants have not been prejudiced by his omissions and that defendants "would seek the dismissals for a minor technicality that would not matter either way regarding the ability to pay $350.00 for each lawsuit, for a total of $1400.00." (No. 5:10-CV-539-BR, Pl.'s Reply Mot. Dismiss, DE # 65, ¶ 18.) The court strenuously disagrees that plaintiff's omissions regarding his assets constitute "a minor technicality." Plaintiff's failure to list assets on his financial affidavits is a serious matter, and his omissions are critical. Even if plaintiff's assets are not liquid, the benefit of filing IFP was not intended to allow individuals with significant real and personal property interests to avoid paying a filing fee of $350.00 in each case. In filing the IFP affidavits and signing them under penalty of perjury, plaintiff swore that he was so destitute that it would not be reasonable to expect him to pay the filing fees. "By omitting the substantial assets that [he] owns from the application[s], [plaintiff] cast the burden of payment onto the public. That action took advantage of the Court and the public purse." Berry, 2009 WL 1587315, at *6.

Other courts have dismissed lawsuits in situations where the plaintiff omitted assets from an IFP application. For example, in Mathis v. New York Life Ins. Co., No. 95 C 2270, 1996 WL 473430, at *1 (N.D. Ill. Aug. 16, 1996), aff'd, 133 F.3d at 546 (7th Cir. 1998), the applicant failed to disclose approximately $14,000 of equity in his home, explaining that he did not know how to include it in the IFP application because his home was subject to liens. Despite the fact

7

that he was unemployed, had a car worth just $500 and only $300 in his bank account, and was "'barely' . . . able to live and avoid foreclosure on his home," id., 133 F.3d at 547, the district court dismissed the case with prejudice and the Seventh Circuit Court of Appeals upheld the dismissal. See also Romesburg v. Trickey, 908 F.2d 258, 259-60 (8th Cir. 1990) (upholding district court's dismissal of action with prejudice where plaintiff failed to disclose that he owned at least four apparently unencumbered lots, despite his assertion that the property was worth only $5000); Mullins, 511 F. Supp. 2d at 930 (case dismissed with prejudice where plaintiff omitted information regarding almost $20,000 in salary and interests in certain real property).

Plaintiff's omissions in the instant cases amount to a material misrepresentation of the state of his finances, and they compel the court to conclude that plaintiff's allegations of poverty are untrue. As a result, plaintiff's actions must be dismissed.

The court must now consider whether plaintiff's actions should be dismissed with or without prejudice. See, e.g., Sekendur, 144 F. App'x at 555 ("[A] court faced with a false affidavit of poverty may dismiss with prejudice in its discretion."). "A dismissal with prejudice for an untrue allegation of poverty, as opposed to a dismissal without prejudice or some other sanction, is appropriate only when the applicant intentionally misrepresented his or her financial condition, acted with bad faith, and/or engaged in manipulative tactics or litigiousness." Staten, 2011 WL 2358221, at *2; see also Mathis, 133 F.3d at 547-48; Lay v. Justices, 811 F.2d 285, 286 (5th Cir. 1987); Camp v. Oliver, 798 F.2d 434, 438-39 (11th Cir. 1986).

An individual's familiarity with the IFP system may be considered in determining whether he or she has acted in bad faith. See, e.g., Cuoco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463, 469 (S.D.N.Y. 2004). The court notes that plaintiff has previously filed other

8

actions in this district, including one in 2007. See Theodore Justice v. Art Pope, et al., No. 5:07-CV-251-FL. Plaintiff commenced the 2007 action by filing an IFP affidavit. (Id., DE # 1.) Although the 2007 IFP application differed somewhat in format from the applications that plaintiff filed in the instant lawsuits, the 2007 form required plaintiff to answer the following question by checking a "Yes" or "No" box: "Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value?" (Id. at 2 ¶ 5.) Plaintiff checked the "Yes" box. (Id.) The form then asked that plaintiff "describe the property and state its value." (Id.) In the space provided, plaintiff wrote "2002 GMC P/U[6] $9,000 give or take" and "land valued at $3,000 I think." (Id.) Thus, the 2007 application clearly demonstrates that plaintiff does in fact understand the IFP form and further shows that the IFP applications in the present cases were made in bad faith.

Furthermore, plaintiff made a detailed accounting of his monthly expenses on his current IFP applications, which consisted of items such as utilities, food, clothing, laundry, entertainment, and medical and dental expenses. However, on all four of the IFP applications at issue, plaintiff consistently failed to list any expenses that would have identified him as the owner of the assets that he omitted from the IFP forms, including real estate taxes and motor vehicle insurance.[7] The court is extremely troubled by plaintiff's failure to disclose any of these expenses. This pattern of conduct demonstrates a conscious intent to conceal assets that would have disadvantaged his applications to proceed without prepaying a filing fee.

---

[6] The court assumes that "P/U" was intended to indicate that the vehicle is a pickup truck.

[7] The North Carolina Department of Motor Vehicle records submitted by defendants indicate that all of plaintiff's vehicles are insured by Erie Insurance. (See No. 5:10-CV-539-BR, Mot. Dismiss, Exs. C-F, DE ## 64-3 through 64-6.) The records also demonstrate that plaintiff is the sole owner of the vehicles and that there are no liens on any of the vehicles. (Id.)

9

Plaintiff also argues that his cases should not be dismissed with prejudice and that he should be allowed to refile his IFP applications because "despite the omissions plaintiff remains impoverished." (No. 5:10-CV-539-BR, Pl.'s Reply Mot. Dismiss, DE # 65, ¶ 16.) The court does not agree that plaintiff is actually impoverished. Plaintiff's recent property transactions demonstrate an ability to pay the applicable filing fees and other fees or costs. Among other things, he acquired a 2010 model trailer, apparently paid off a $21,500.00 purchase money deed of trust between March 2010 and March 2011, and was issued a title to a mobile home in March of 2010.

Moreover, even if the court were to accept plaintiff's argument that he was and continues to be impoverished,

> to dismiss without prejudice where an applicant intentionally lies on an IFP form would encourage the very perjury Congress sought to deter in § 1915. . . .
>
> It would accord to *in forma pauperis* applicants a right to lie and in practical application would negate the 1996 amendment to § 1915. . . .
>
> Perjury is a fraud on the court. It strikes at the heart of the integrity of the judicial system and is incompatible with the values underlying any system of justice. See United States v. Mandujano, 425 U.S. 564, 576, 96 S. Ct. 1768, 48 L. Ed. 2d 212 (1976); United States v. Kennedy, 372 F.3d 686, 695 (4th Cir. 2004). It is no more acceptable in the context of cases like this than it is in any other setting.

Mullins, 511 F. Supp. 2d at 940, 941, 942-43. "Nothing in § 1915 permits an applicant, even one who genuinely is unable to afford to pay the filing fee, to pick and choose what financial information to include on the *in forma pauperis* application." Staten, 2011 WL 2358221, at *2.

Here, the magnitude of plaintiff's omissions, the lack of a credible "innocent" explanation for these omissions, his 2007 filing demonstrating his ability to understand the IFP application, and his failure to disclose any expenses that would have identified him as the owner

of the assets he excluded from the IFP forms, all point toward "conscious or intentional acts or omissions" on his IFP applications. Id. (citation and internal quotation marks omitted). The court simply cannot accept plaintiff's assertions that the omissions were "an honest mistake." (No. 5:10-CV-539-BR, Pl.'s Reply Mot. Dismiss, DE # 65, ¶ 3.) Plaintiff did not simply forget to list a particular asset or understate his financial condition due to an innocent misunderstanding. Critical facts were purposefully omitted in order to mislead and defraud the court as to plaintiff's poverty status. "The opportunity to proceed *in forma pauperis* is a privilege provided for the benefit of indigent persons and the court system depends upon the honesty and forthrightness of applicants to ensure that the privilege is not abused." Chung v. Dushane, No. 03 C 5955, 2003 WL 22902561, at *2 (N.D. Ill. Dec. 9, 2003), aff'd sub nom., Chung v. KPMG LLP, 104 F. App'x 576 (7th Cir. 2004) (unpublished).

Given the facts of the present case, and pursuant to the clear language of 28 U.S.C. § 1915(e)(2)(A), plainitiff's cases must be dismissed, and they will be dismissed with prejudice as a sanction for plaintiff's attempt to deceive the court. "The fact that Plaintiff perpetrated this fraud upon the Court in more than one case warrants the sanction of dismissal with prejudice." Igbinadolor v. TiVo, Inc., Civ. A. No. 1:08-CV-2580-RWS, 2009 WL 3253946, at *1 (N.D. Ga., Oct. 6, 2009). The court's determination to dismiss the actions with prejudice is made as an exercise of the court's discretion, after due consideration of the severity of such a sanction, but in view of the seriousness and scope of the information omitted from plaintiff's IFP applications.

11

## III.  CONCLUSION

For the foregoing reasons, defendants' motions to dismiss are GRANTED.  All other motions pending before the court in the above-captioned actions are DENIED AS MOOT, and the actions are DISMISSED WITH PREJUDICE.  The Clerk is DIRECTED to enter judgment in favor of defendants and close all four of plaintiff's cases.  The court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  Furthermore, the court ORDERS plaintiff to submit a copy of this order with any IFP application that he may file in this district in the future.

This 17 May 2012.

					W. Earl Britt
					Senior U.S. District Judge